IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ANTHONY MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:17-CV-00142-RLW |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| THE CINCINNATI INSURANCE CO., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT THE CINCINNATI INSURANCE CO.'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

COMES NOW Defendant, The Cincinnati Insurance Company ("Cincinnati"), by and through the undersigned counsel, and for its Brief in Opposition to Plaintiff's Motion to Compel Discovery Responses, hereby states as follows:

### I.     Preliminary Statement

This case arises out of an automobile accident that took place on September 17, 2015, wherein Plaintiff was injured in a hit-and-run accident on Highway 70 in St. Louis. Cincinnati is Plaintiff's uninsured motorist carrier, as Plaintiff was an employee of Stiarwalt Electric at the time of the accident. Cincinnati, as pointed out by Plaintiff, has admitted that some compensation is owed to Plaintiff, however, the parties do not agree on the amount of Plaintiff's claim, thus giving rise to this lawsuit. As this Court is well aware, lawsuits merely filed to determine the value of a Plaintiff's damages, especially when allegations of total disability in a fairly young plaintiff are asserted, are commonplace and do not arise to the level of a vexatious refusal to pay.

In the course of the exchanging of written discovery, Plaintiff requested that Cincinnati produce documents from its file, including, claim file materials, documents regarding the decision "not to pay Plaintiff's claim", communication about Plaintiff's claim, and documents

regarding the status of Plaintiff's claim. (See Plaintiff's **Exhibit D**). Cincinnati has agreed to produce all responsive documents to these requests, excluding documents and communications that are subject to the attorney-client and work-product privileges. (See Plaintiff's **Exhibit** F).

Cincinnati agrees that Plaintiff is entitled to a privilege log indicating all documents that were withheld or redacted, which it is in the process of creating and producing, and will be provided to Plaintiff as soon as possible. Additionally, Cincinnati would be more than happy to have the Court view these documents in an in-camera inspection to determine their privileged status. Cincinnati's argument for the privileged status of these redacted and/or withheld documents is discussed below.

## II.  Law and Argument

In diversity actions, federal law governs work-product privilege claims and state law governs attorney-client privilege claims. *Baker v. General Motors Corp.*, 209 F.3d 1051, 1053 (8th Cir. 2000). Therefore, each privilege will be discussed individually below. As will be revealed in Cincinnati's impending privilege log, only three topics were withheld from production: information on the reserve amounts set for Plaintiff's claim, all communications between Cincinnati and its defense counsel, and information on workers' compensation due to a pending claim. Cincinnati asserts that the reserve information and communications between Cincinnati and its attorneys are protected by both the work product doctrine and communications between Cincinnati and its attorneys are additionally protected by attorney-client privilege.

### A. Communications with defense counsel and reserve information are protected by the work product privilege.

Federal Rule of Civil Procedure 26(b)(3)(A) state, "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety,

indemnitor, insurer, or agent)." There are two types of work product, ordinary work product, which includes raw factual information, and opinion work product, which includes an attorney's mental impressions, conclusions, opinions and legal theories. *Id.* at 1054. Opinion work product enjoys almost absolute immunity, only being discoverable in the rare circumstance where the material demonstrates the attorney has engaged in illegal conduct or fraud. *Id.*, citing *In re Murphy,* 560 F.2d 326, 336 (8th Cir. 1977).

The court in *Baker* found a trial court's order for production of similar documents created by General Motor's attorneys to be reversible error. *Baker* at 1054. The court specifically stated, "Notes and memoranda of an attorney, or an attorney's agent … are opinion work product entitled to almost absolute immunity." *Id.*

Communication between a party and its defense counsel is clearly made in anticipation of litigation, as this communication would have no reason to exist if litigation were not occurring or imminent. The documents and communications sought by Plaintiff include Cincinnati's counsel's mental impressions, conclusions, opinions and legal theories. As such, they are opinion work product. As Plaintiff has made no allegations, nor is there any proof that the special circumstances mentioned above exist, these communications are not discoverable under the Federal Rules of Civil Procedure and established case law.

Additionally, the Eighth Circuit has specifically stated, "Individual case reserve figures reveal the mental impressions, thoughts, and conclusions of an attorney in evaluating a legal claim. By their very nature they are prepared in anticipation of litigation and, consequently, they are protected from discovery as opinion work product." *Simon v. G.D. Searle & Co.,* 816 F.2d 397, 401 (8th Cir. 1987). Although *Simon* is specifically concerned with reserves regarding risk

3

management, reserves set in insurance claims serve the exact same purpose, making them unequivocally protected by the work product privilege.

### B. Communications between a party and its defense counsel are protected by attorney-client privilege.

"The attorney–client privilege is the oldest of the privileges for confidential communications known to the common law. Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client." *Upjohn Co. v. U.S.*, 449 U.S. 383, 389 (1981).

As discussed above, in a diversity action in federal court, the court is bound to follow state law regarding attorney-client privilege. *Id.* at 1053. In Missouri, "The attorney-client privilege attaches to: 1) Information transmitted by voluntary act of disclosure; 2) between a client and his lawyer; 3) in confidence; and 4) by a means which, so far as a client is aware, discloses the information to no third parties other than those reasonably necessary for the transmission of the information or for the accomplishment of the purpose for which it is to be transmitted." *State v. Longo,* 789 S.W.2d 812, 815 (Mo. Ct. App. 1990).

The communications sought by Plaintiff are (1) voluntarily disclosed (2) only between Cincinnati and its defense counsel, (3) in confidence, and (4) has not been disclosed to any third parties. Therefore, these communications are unequivocally protected under the attorney-client privilege. As such, all communications between Cincinnati and its defense counsel are clearly subject to the attorney-client privilege and have not been waived in any way.

### III. Conclusion

As is clear, the work-product doctrine protects from production reserve information set by Cincinnati regarding Plaintiff's claim. Additionally, both the work-product doctrine and the attorney-client privilege protect from production communications made between Cincinnati and its defense counsel pertaining to this action.

WHEREFORE, for all the foregoing reasons, Cincinnati prays this honorable court deny Plaintiff's Motion to Compel, and for such other and further relief as it deems just and proper.

BROWN & JAMES, P.C.

/s/ David P. Bub
David P. Bub, #44554MO
Jennine D. Adamek Moore, #49599MO
Kelsey L. McLean, #68250MO
800 Market Street, Suite 1100
St. Louis, Missouri 63101-2501
314-421-3400
314-421-3128 – FAX
dbub@bjpc.com
jadamek@bjpc.com
kmclean@bjpc.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE AND**
**CERTIFICATE OF COMPLIANCE WITH RULE 55.03(a)**

The undersigned certifies that a true and correct copy of the foregoing was sent via the court's electronic filing system this 14th day of November, 2017, on counsel of record listed below. In addition, the undersigned counsel certifies under Rule 55.03(a) of the Missouri Rules of Civil Procedure that he has signed the original of this Certificate and the foregoing pleading.

Kevin A. Sullivan
Michael L. Knepper
Sauter Sullivan, LLC
3415 Hampton Avenue
St. Louis, MO 63139
*Attorneys for Plaintiff*
13985711

/s/ David P. Bub

5