IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ANTHONY MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.:   4:17-CV-00142 |
| | ) |
| THE CINCINNATI INSURANCE CO. | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S REPLY TO DEFENDANT'S BRIEF IN OPPOSITION TO**
**<u>PLAINTIFF'S MOTION TO COMPEL</u>**

COMES NOW Plaintiff, Anthony Martin, by and through counsel, Kevin Sullivan and Sauter Sullivan, LLC, and provides his Reply to Defendant's Brief In Opposition to Plaintiff's Motion to Compel.

In its brief, Defendant suggests that it has produced all documents responsive to the subject discovery requests with the exception of documents which it deems to be protected from disclosure by the work-product doctrine and/or the attorney client privilege.  <u>Defendant's Brief</u>, p. 2.  In support of this statement, Defendant cites to Exhibit F attached to Plaintiff's Motion to Compel which is the Objections and Responses to Plaintiff's Request for Production that Defendant submitted back in June, 2017.  As the Court can readily see, the responses to which Defendant cites do not indicate that Defendant is producing all responsive documents.  Rather, the responses set forth a litany of objections and then say that "subject to and with waiving" the objections see a "redacted claim file attached" and the materials that had been produced with the initial disclosures. This response leaves it to conjecture whether Defendant has in fact produced all responsive documents.  It also causes Plaintiff to speculate whether there are other documents which

1

Defendant does not consider part of its "claim file" that are not being produced given the objections.

Defendant's Brief also gives the impression that the entire claim file to date, with the exception of reserve information and attorney communications, has been produced. This is absolutely not the case. At the September 28, 2017 corporate representative deposition, counsel for Defendant admitted that <u>no</u> portions of the claim file have been produced for any period of time subsequent to August 30, 2016 (over 15 months ago). <u>Heubner Deposition</u>, pp. 33-34 & 77-78 (<u>Exhibit A</u> attached). Defendant's response to the discovery requests also provides no clue that Defendant was only producing portions of the claim file prior to August 30, 2016. Given Defendant's continued and ongoing refusal to pay the uninsured motorist benefits to Plaintiff, all responsive documents should be produced, not just documents created prior to August 30, 2016.

Defendant suggests that the Cincinnati Insurance reserve information and the information sought by Plaintiff regarding Defendant's valuation of Plaintiff's claim is protected by the work-product privilege because they necessarily involve the mental impressions of the attorneys that set the reserves. In this case, Defendant has failed to establish that the setting of the reserves or the valuation of the claim has anything to do with being done in anticipation of litigation. Instead, as the cited testimony of Mr. Huebner demonstrates, the Cincinnati adjusters come up with and record the value of a customer's claim in the ordinary course of handling a claim and for the purpose of paying the customer what the customer is entitled to receive under the policy. There is no evidence that there are even attorneys involved. Even if the process of setting reserves and coming up with the amount owed to the customer has some work-product overlap, Plaintiff's need for the information given the vexatious refusal claim overcomes any work-product protection. In

any event, we are left to speculate what emails, reserve information, computer file notes, valuation calculations, etc. are being withheld since we do not know what exists.

Defendant also suggests that any communications or documents, which involve attorneys in any respect, are protected from disclosure by both the attorney-client privilege and the work-product doctrine.   This is simply not the case as it relates to a claim file, particularly in a case involving a claim for vexatious refusal to pay a claim.   There are many communications which may involve attorneys which do not rise to the level of a protected attorney-client communication. Judge Perry's decision in Am Modern Home Ins. Co. v. Thomas, 2017 U.S.Dist. LEXIS 62629 (April 24, 2017) sets forth the unique considerations that must be applied by the Court in such a situation.

**SAUTER SULLIVAN, LLC**

By: /s/ Kevin A. Sullivan
    Kevin A. Sullivan, #40735
    Attorneys for Plaintiff
    3415 Hampton Avenue
    St. Louis, MO 63139
    Tel: 314-768-6800
    Fax: 314-781-2726
    E-mail: ksullivan@ss-law.net

## CERTIFICATE OF SERVICE

A copy of the foregoing Plaintiff's Reply to Defendant's Brief in Opposition was sent via electronic mail and First Class United States Mail, postage pre-paid this 15th day of November, 2017 to:

David P. Bub
Jennine D. Adamek Moore
Brown & James, P.C.
800 Market Street, Suite 1100
St. Louis, MO 63101-2501
dbub@bjpc.com
jadamek@bjpc.com

*Attorneys for Defendant*

                                                            /s/ Kevin A. Sullivan