UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ANTHONY MARTIN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:17CV142 RLW |
|  | ) |  |
| THE CINCINNATI INSURANCE CO., | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel (ECF No. 25), Plaintiff's Motion for Summary Judgment (ECF No. 30), and Plaintiff's Second Motion to Compel (ECF No. 34). Also pending is Defendant's Daubert Motion to Exclude the Expert Opinions of Frank Jacobs (ECF No. 35) The motions are fully briefed and ready for disposition. The Court will address each motion separately.

### I. Background

This case stems from a motor vehicle accident on September 17, 2015, in which Plaintiff was driving a company van and was struck by an unknown vehicle that caused the accident and left the scene. (First Am. Compl. ¶¶ 3-7, ECF No. 14) On that date, Defendant The Cincinnati Insurance Company ("Cincinnati") had a policy of insurance issued to Stiarwalt Electric Inc. ("Stiarwalt") insuring a 2008 Ford E-350 model van and providing uninsured motorist coverage. (*Id.* at ¶ 4) The unidentified and at-fault motorist is considered an uninsured motorist under the terms of the policy. (*Id.* at ¶¶ 8-10) As the driver of the insured vehicle, Plaintiff is a covered person for uninsured motorist benefits under the policy. (*Id.* at ¶ 11)

In his First Amended Complaint, Plaintiff alleges that he performed all required conditions under the terms of the policy but that Cincinnati has failed and refused to pay uninsured motorist benefits to compensate Plaintiff for his injuries resulting from the accident. (*Id.* at ¶ 14) Plaintiff contends that he has sustained serious and permanent injuries to his head, neck, back, and shoulders, including multiple spinal fractures, constituting a permanent disability. (*Id.* at ¶¶ 15, 17) He further alleges that he has endured pain and suffering, incurred medical expenses, sustained a loss of income, and will likely incur future medical expenses and income loss due to his injuries. (*Id.* at ¶¶ 16, 18) Plaintiff claims that Defendant Cincinnati's refusal to pay uninsured motorist benefits constitutes a breach of contract (Count I) and a vexatious refusal to pay under Mo. Rev. Stat. § 375.296 (Count II). (*Id.* at ¶¶ 14, 20) Plaintiff seeks compensatory and vexations refusal damages.

## II. Plaintiff's Motion for Summary Judgment

Plaintiff filed a motion for summary judgment, asserting that no genuine issue of material fact exists with respect to Plaintiff's claim for breach of contract for failure to pay uninsured motorist benefits in accordance with the insurance policy and Plaintiff's claim for vexatious refusal to pay said benefits. Defendant responds that genuine issues of material fact remain as to Plaintiff's alleged damages in this case, and his employability in particular, such that summary judgment is not warranted.

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court show "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court must view the evidence and all reasonable inferences in the light most favorable to the non-moving party.

*Hutson v. McDonnell Douglas Corp.,* 63 F.3d 771, 775 (8th Cir. 1995).

The moving party has the initial burden to establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.,* 838 F.2d 268, 273 (8th Cir. 1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party, who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ .P. 56(e). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). In fact, the non-moving party must present sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for that party. *Anderson,* 477 U.S. at 249; *Celotex,* 477 U.S. at 324.

### A. Breach of Contract

Plaintiff argues that he is entitled to summary judgment on his breach of contract claim because there is no dispute that Plaintiff is entitled to uninsured motorist benefits under the insurance policy and that Defendant has failed to pay. To establish a claim for breach of contract under Missouri law, a Plaintiff must demonstrate "(1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." *Keveney v. Missouri*

*Military Acad.*, 304 S.W.3d 98, 104 (Mo. 2010) (citation omitted). Here, Defendant asserts that a genuine dispute exists as to whether Defendant breached the contract with Plaintiff. Further, Defendant contends there is a genuine dispute with respect to the amount of damages.

The Court agrees that Plaintiff has not established that Defendant breached the contract. The record shows that Defendant has not denied Plaintiff's claim. Instead, the parties continue to argue over the proper amount owed to Plaintiff. Defendant asserts, and Plaintiff does not dispute, that Plaintiff has demanded $1 million in compensatory damages and has refused settlement offers up to $350,000. (Def.'s Response p.3-4, ECF No. 43) In his reply brief, Plaintiff offers no case law in support of his proposition that in breach of contract litigation, a Defendant may only avoid breaching its contractual obligation as a matter of law by paying what Defendant determines is owed and then continuing to trial on the amount of additional damages. The Court declines to adopt this unsupported theory and finds that a genuine issue of material fact remains with regard to Plaintiff's breach of contract claim. Thus, the Court denies Plaintiff's motion for summary judgment on Count I of the First Amended Complaint.

### B. Vexatious Refusal to Pay

Plaintiff additionally asserts that he is entitled to judgment as a matter of law on his vexatious refusal to pay claim. To establish a vexatious refusal claim under § 375.296 of the Missouri Revised Statutes, Plaintiff must prove that "'(1) [he] had an insurance policy with [Cincinnati]; (2) [Cincinnati] refused to pay; and, (3) [Cincinnati's] refusal was without reasonable cause or excuse.'" *Missouri Bank & Tr. Co. of Kansas City v. OneBeacon Ins. Co.*, 688 F.3d 943, 948–49 (8th Cir. 2012) (quoting *Dhyne v. State Farm Fire & Cas. Co.*, 188 S.W.3d 454, 457 (Mo. 2006)). Contrary to Plaintiff's assertion, nothing in the record demonstrates a refusal to pay on the part of Defendant, nor is Plaintiff able to demonstrate that

any allege refusal was without reasonable cause or excuse. The Court notes that a vexatious refusal to pay claim is triggered only where an insurance company has breached its contract. *See Olga Despotis Tr. v. Cincinnati Ins. Co.,* No. 4:12-CV-2369 RLW, 2016 WL 831933, at *4 (E.D. Mo. Feb. 29, 2016) (finding claim for vexatious refusal to pay failed where plaintiff failed to state a claim for breach of contract). Because genuine issues of material fact exist on Plaintiff's breach of contract claim, Plaintiff is not entitled to summary judgment on his vexatious refusal to pay claim in Count II.

### III. Plaintiff's Motions to Compel

Plaintiff has filed a motion to compel responses to discovery requests pertaining to his vexatious refusal to pay claim. Specifically, he seeks documents pertaining to Defendant's evaluation of Plaintiff's claim and Defendant's decision not to pay said claim. (ECF No. 25) Plaintiff supplemented this motion with an additional request to compel documents pertaining to reserve amounts. (ECF No. 33) In addition, Plaintiff filed a Second Motion to Compel seeking additional discovery related to his vexatious refusal to pay claim. (ECF No. 34) Plaintiff has attached a "Certification of Attempt to Resolve" to each motion pursuant to Local Rule 3.04 of the Local Rules of the United States District Court for the Eastern District of Missouri. However, upon review of that certification, the Court notes that Plaintiff names the wrong Defendant and the wrong law firm representing Defendant. (ECF Nos. 25-1, 34-3) Thus, the Court finds that Plaintiff has failed to demonstrate that he "conferred in person or by telephone with the opposing counsel in good faith" and failed to "recite the date, time and manner of such conference, and the names of the individuals participating therein." Because Plaintiff has not complied with the meet and confer requirement of the local rules, the Court will deny these motions without prejudice.

## III. Defendant's Daubert Motion

Finally, Defendant has filed a motion to exclude the expert opinions of Frank Jacobs under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). "Federal Rule of Evidence 702 governs admission of expert testimony." *St. Anthony's Med. Ctr. v. Nat'l Serv. Indus., Inc.*, No. 4:09CV844 HEA, 2011 WL 4600671, at *1 (E.D. Mo. Oct. 3, 2011) (citation omitted). Rule 702 provides:

> [a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. "The Federal Rules of Evidence require the trial judge to 'ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.'" *St. Anthony's Med. Ctr.*, 2011 WL 4600671, at *2 (quoting *Daubert*, 509 U.S. at 589).

Here, Defendant asserts that the testimony of Mr. Jacobs regarding Plaintiff's "unemployability" is not based on any data and thus his expert testimony should be excluded. Plaintiff responds that he does not intend to introduce Mr. Jacobs as an expert in this case, but in the event that Mr. Jacobs does provide an expert opinion, he is qualified under *Daubert*.

Plaintiff intends to call Mr. Jacobs, head of the local electricians union, IEBW Local 1, to testify that Plaintiff would not be able to obtain a job with a union electrical contractor given Plaintiff's description of his condition and work restrictions. The Court agrees with Defendant that any opinion provided by Mr. Jacobs regarding Plaintiff's ability to return to work as a union electrical worker would not be based upon data or facts, but upon Plaintiff's subjective statements. Therefore, the Court will exclude any testimony from Mr. Jacobs that constitutes

expert opinion evidence under *Daubert*. However, to the extent that Mr. Jacobs testifies as a lay witness, Defendant may raise specific objections to his testimony at trial.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 30) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel (ECF No. 25), Motion to Supplement Motion to Compel (ECF No. 33), and Plaintiff's Second Motion to Compel (ECF No. 34) are **DENIED** without prejudice.

**IT IS FINALLY ORDERED** that Defendant's Daubert Motion to Exclude the Expert Opinions of Frank Jacobs (ECF No. 35) is **GRANTED** consistent with this Memorandum and Order. The Court will reset this case for trial by separate Order.

Dated this 31st day of May, 2018.

Ronnie L. White

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**