UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ANTHONY MARTIN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:17CV142 RLW |
|  | ) |  |
| THE CINCINNATI INSURANCE CO., | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel (ECF No. 25), Plaintiff's Supplement to Motion to Compel (ECF No. 33), and Plaintiff's Second Motion to Compel (ECF No. 34). The motions are fully briefed and ready for disposition.

The Court stated the factual background of this case in its Memorandum and Order of May 31, 2018, and incorporates those facts as if fully set forth herein. (ECF No. 51) In the motions to compel, Plaintiff seeks responses to Request for Production Nos. 6, 11 – 14, and 17 – 20, as well as an answer to Interrogatory No. 9. Plaintiff also seeks answers to his First Supplemental Interrogatories. Specifically, Plaintiff requests documents pertaining to review of Plaintiff's claim file (Nos. 11, 12) and related to the decision to deny uninsured motorist benefits (No. 13). Further, Plaintiff seeks documents concerning the investigation and evaluation of Plaintiff's claim (Nos. 14, 19 – 20). Plaintiff also seeks discovery of manuals, policies, procedures, guidelines, training manuals and other documents which Defendant used evaluate uninsured motorist claims, including Plaintiff's claim (Nos. 17 – 18). Plaintiff further requests information and documents pertaining to the reserve amount set by Defendant for Plaintiff's insurance claim (Request No. 6; Interrogatory No. 9; First Suppl. Interrog. No. 3). Finally, Plaintiff seeks interrogatory answers pertaining to other vexatious refusal to pay claims in

Missouri (First Suppl. Interrog. Nos. 1 and 2). Defendant has objected to each of Plaintiff's discovery requests to the extent that they are privileged or not relevant.

The scope of discovery for actions filed in federal court is set forth in Federal Rule of Civil Procedure 26. That rule provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Defendant argues that the unproduced documents and information are not discoverable because they are are protected by attorney-client or work-product privilege and are otherwise not relevant to Plaintiff's claim.

### Claim File Materials and Documents Reviewed/Relied Upon for Claim Evaluation

In Request for Production Nos. 11 – 14 and 19 – 20, Plaintiff seeks the production of the claim file materials, as well as documents reviewed or relied upon by Defendant in the investigation and evaluation of Plaintiff's claim. Plaintiff also requests communications between Defendant's employees pertaining to Plaintiff's claim. Defendant responds that it has produced all responsive documents excluding those documents and communications that are subject to the attorney-client and work-product privileges. Defendant further states that it has produced a privilege log to Plaintiff and is willing to submit the allegedly privileged documents to the Court for *in camera* review. Upon review of the motions, exhibits, and related memoranda, the Court finds that *in camera* review of those responsive documents Defendant deems privileged is warranted. *Mills v. Liberty Mut. Ins. Co.*, No. 4:16-cv-00571-JAR, 2017 WL 1497904, at *3 (E.D. Mo. April 24, 2017).

2

### Defendant's Policies and Manuals

Request for Production Nos. 17 and 18 seek production of manuals, policies, and procedures used by Defendant in handling uninsured motorist claims, and Plaintiff's claim in particular. Defendant does not appear to oppose this request in its brief in opposition. Further, Plaintiff's reply makes no mention of discovery related to Defendant's manuals and policies. The Court will deny the motion to compel with respect to these documents without prejudice. To the extent that Defendant has not produced the requested documents, Plaintiff may renew the motion to compel.

### Valuation of Plaintiff's Claim

Next, in Interrogatory No. 9, Request for Production No. 6, and First Supplemental Interrogatory No. 3, Plaintiff seeks the disclosure of and documents pertaining to Defendant's reserve amounts for Plaintiff's insurance claim. Defendant contends that this information is protected by attorney-client or work-product privilege. The Court finds that *in camera* review of these responses and documents is warranted to determine whether the challenged documents and answers are protected by either privilege. *Am. Modern Home Ins. Co. v. Thomas*, No. 4:16 CV 215 CDP, 2017 WL 3978369 (E.D. Mo. September 11, 2017).

### Other Missouri Vexatious Refusal to Pay Claims

Finally, in Plaintiff's Second Motion to Compel, he seeks answers to Interrogatory Nos. 1 and 2, relating to other vexatious refusal to pay claims against Defendant in Missouri over the past 5 years. In his motion, Plaintiff makes no effort to demonstrate that information regarding other claims against Defendant is relevant to the present litigation. In a motion to compel discovery, the moving party "bears the burden of showing that the requested documents are discoverable within the meaning of Federal Rule of Civil Procedure 26." *CitiMortgage, Inc. v. Chicago Bancorp, Inc.*, No. 4:14CV01278 AGF, 2015 WL 6736120, at *2 (E.D. Mo. Nov. 4,

3

2015) (citation omitted). Here, however, Plaintiff merely presents conclusory allegations that that the information is relevant and "routinely provided in a case of this nature." (ECF No. 34) Absent a showing that these interrogatory answers are relevant to Plaintiff's claim and proportional to the needs of this case, Plaintiff is not entitled to discovery pertaining to other claims unrelated to his claim for uninsured motorist benefits.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (ECF No. 25) and Supplemental Motion to Compel (ECF No. 33) are **DENIED without prejudice** with respect to Plaintiff's Request for Production Nos. 17 and 18 and **HELD IN ABEYANCE** pending *in camera* review of the responsive documents with respect to Plaintiff's Request for Production Nos. 6, 11 – 14, and 19 – 20, and Interrogatory No. 9.

**IT IS FURTHER ORDERED** that Plaintiff's Second Motion to Compel (ECF No. 34) is **DENIED** as to First Supplemental Interrogatory Nos. 1 and 2 and **HELD IN ABEYANCE** as to First Supplemental Interrogatory No. 3 pending *in camera* review.

**IT IS FINALLY ORDERED** that Defendant shall, no later than June 11, 2018, submit to the Court for *in camera* review the documents it seeks to withhold from discovery based upon the assertion of attorney-client and work-product privilege consistent with this Memorandum and Order.

Dated this 4th day of June, 2018.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**