UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17CV142 RLW |
| | ) | |
| THE CINCINNATI INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on those portions of Plaintiff's Motion to Compel (ECF No. 25), Plaintiff's Supplement to Motion to Compel (ECF No. 33), and Plaintiff's Second Motion to Compel (ECF No. 34) which the Court held in abeyance pending *in camera* review of Defendant's answers to discovery requests. The motions are fully briefed and ready for disposition.

## **I. Background**

The background of this case has been fully set forth in the Memorandum and Order of May 31, 2018 (ECF No. 51) and is incorporated by reference herein. On June 4, 2018, the Court ordered Defendant to submit certain discovery documents to the Court for *in camera* review. Plaintiff filed motions to compel documents related to his claim evaluation and reserve amounts authorized by Defendant. However, Defendant contends that the information is protected by attorney-client and/or the work product privilege. Defendant submitted unredacted copies of the documents listed in Defendant's privilege log with coordinating Bates Numbers. Defendant highlighted the redacted portions to allow the Court to review whether those redacted portions were properly withheld under the asserted privileges.

**II. Legal Standard**

The scope of discovery for actions filed in federal court is set forth in Federal Rule of Civil Procedure 26. That rule provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The rule vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit." *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003) (citing Fed. R. Civ. P. 26(b)(1)).

However, certain types of discovery are protected by claims of privilege. The party objecting to discovery on the basis of attorney-client or work product privilege bears the burden of establishing that such privilege exists. *Am. Modern Home Ins. Co. v. Thomas*, No. 4:16 CV 215 CDP, 2017 WL 3978369, at *2 (E.D. Mo. September 11, 2017). In a diversity case, courts "apply federal law to resolve work product claims and state law to resolve attorney-client privilege claims." *Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1053 (8th Cir. 2000).

**III. Discussion**

**A. Attorney-Client Privilege**

Attorney-client privilege protects "'any professionally-oriented communication between attorney and client regardless of whether it is made in anticipation of litigation or for preparation for trial.'" *Lloyd's Acceptance Corp. v. Affiliated FM Ins. Co.,* No. 4:05 CV 1934 DDN, 2012 WL 1389708, at *7 (E.D. Mo. Apr. 23, 2012) (quoting *State ex rel. Tillman v. Copeland,* 271

S.W.3d 42, 45 (Mo. Ct. App. 2008)). "The privilege does not attach unless the communication is between parties bearing the relationship of attorney and client, is made to obtain legal services or advice, and involves the lawyer in his capacity as a lawyer." *Thomas*, 2017 WL 3978369, at *2. "Communications made by representatives of an insurer for the purpose of facilitating the rendition of legal services to the client are protected by the attorney-client privilege." *Id.* at *3 (citing *Navigators Mgt. Co. Inc. v. St. Paul Fire & Marine Ins. Co.*, No. 4:06CV1722 SNLJ, 2009 WL 465584, at *4 (E.D. Mo. Feb. 24, 2009)). Such protected communications "include communications with in-house counsel as well as memorializing such communications." *Id.* (citing *Lloyd's*, 2012 WL 1389708, at *7–8).

Defendant contends that many of the documents produced for *in camera* review contain communications between the Defendant insurer and its defense counsel and are thus protected by attorney-client privilege. The Court agrees that most of the documents referenced in the privilege log as protected by attorney-client privilege and submitted to the Court are communications between Defendant and its attorney regarding the strategy and progress pertaining to Plaintiff's claim and demands. These protected documents include Bates ## 00956-00961, 00992-01048,[1] 01048-01364, and 01365.

However, "attorney-client privilege does not cover client communications that 'relate only business or technical data,' where the client is not sharing that information in order to solicit legal advice." *Monsanto Co. & Monsanto Tech. LLC v. E.I. Du Pont De Nemours & Co.*, No. 4:09CV00686 ERW, 2011 WL 4408184, at *2 (E.D. Mo. Sept. 22, 2011) (quoting *Simon v. G.D. Searle & Co.*, 816 F.2d 397, 403 (8th Cir. 1987)). The Court finds that Bates # 00889 is simply

---

[1] As the Court will further develop, these documents in the claim file are also protected by the work product doctrine.

an entry showing that a communication took place and is not protected by attorney-client privilege. Therefore, Defendant shall produce the unredacted version of that document.

## B. Work Product Doctrine

With respect to the work product doctrine, "[t]here are two kinds of work product—ordinary work product and opinion work product. Ordinary work product includes raw factual information. . . . Opinion work product includes counsel's mental impressions, conclusions, opinions or legal theories." *Baker,* 209 F.3d at 1054 (internal citation omitted). Opinion work product "enjoys almost absolute immunity and can be discovered only in very rare and extraordinary circumstances, such as when the material demonstrates that an attorney engaged in illegal conduct or fraud." *Id.* (citation omitted). "In order to protect work product, the party seeking protection must show the materials were prepared in anticipation of litigation, i.e., because of the prospect of litigation." *PepsiCo, Inc. v. Baird, Kurtz & Dobson LLP*, 305 F.3d 813, 817 (8th Cir. 2002). A party may not discovery work product unless that party "has a substantial need for the materials and cannot obtain the substantial equivalent through other means." *Id.* (citing Fed. R. Civ. P. 26(b)(3)).

Whether certain documents were prepared in anticipation of litigation is a factual determination made by the Court:

> "[T]he test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation. But the converse of this is that even though litigation is already in prospect, there is no work product immunity for documents prepared in the regular course of business rather than for purposes of litigation."

*Simon,* 816 F.2d at 401 (quoting 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2024, at 198–99 (1970)). "To be protected, the documents must have been prepared after a 'specific threat' of litigation became 'palpable.' That litigation was 'merely a possibility' is

4

insufficient." *Thomas*, 2017 WL 3978369, at *4 (quoting *Lloyd's,* 2012 WL 1389708, at *4 (citations omitted)).

Defendant has designated claim notes, and notes regarding reserves in particular, as protected by the work product doctrine. The Court has reviewed the responsive documents *in camera* and finds that the threat of litigation became palpable on November 20, 2015, when Defendant acknowledged that Plaintiff had attorney representation. Anything on or after that date is work product. While many of the entries in the claim file appear to be made by a non-attorney, the Court finds that these reserve amounts relate to Plaintiff's particular claim and were prepared for litigation. *See, e.g., Meighan v. TransGuard Ins. Co. of Am.,* 298 F.R.D. 436, 445 (N.D. Iowa 2014) (finding information about reserves after litigation was reasonably anticipated, relating to the plaintiff's particular claim and documented by a non-attorney was protected by the work product privilege). Thus, Plaintiff is entitled to unredacted copies of the claim file, Bates ## 00890-00898 and 00909-00913,[2] as well as Bates ## 917, 921, 925, and 954, with any dates on or subsequent to November 20, 2015 remaining redacted. Further, the Court will not direct Defendant to answer Interrogatory No. 9 or Supplemental Interrogatory No. 3, as these answers pertain to a time after the threat of litigation became real.

The Court further finds that Plaintiff has not shown a substantial need for the documents protected by the work product doctrine. While Plaintiff restates the facts of his case, he provides scant legal support for his assertion that the requested communications do not rise to the level of attorney-client or work product privilege. Further, other than bald assertions, he has not demonstrated a substantial need as it relates to his vexatious refusal to pay claim. "The mere

---

[2] To the extent that Defendant claims this document is protected by attorney-client privilege, the Court notes that the entry indicates there was some communication between Defendant and counsel, but does not show any actual communication.

5

pleading of vexatious refusal to pay, however, does not itself create a substantial need for an insurer's internal documents. Instead, the requesting party must demonstrate some likelihood or probability that the documents sought may contain evidence of bad faith. *Thomas*, 2017 WL 3978369, at *5. Plaintiff has failed to show that the protected documents may contain evidence of bad faith.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motions to Compel which the Court held in abeyance (ECF Nos. 25, 33, and 34) are **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Defendant shall produce to Plaintiff the following previously withheld documents:

a. Bates # 00890 entirety of redactions;

b. Bates ## 00890 to 00898 entirety of redactions;

c. Bates ## 00909 to 00913 entirety of redactions; and

d. Bates ## 00917, 00921, 00925, and 00954, with redactions from 11/20/15 to present.

Dated this 13th day of July, 2018.

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**